UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES MICHAEL DAYSON,

        Plaintiff,         Case No. 1:12-cv-1304

v.         Honorable Robert Holmes Bell

TODD McMICHAEL et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff James Michael Dayson presently is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility.  Plaintiff sues Cass County Chief Assistant Prosecutor Frank Machnik, Cass County Circuit Judge Michael Dodge, trial counsel Tat Parish, court-appointed appellate counsel Susan Meinberg, Cass County Sheriff Sergeant Todd McMichael, Cass County Court Reporter Vicky Knutson, and Cass County Sheriff Department employee Richard Beneke.

Plaintiff alleges that he was arrested on April 13, 2008 on multiple counts:  two counts of home invasion, MICH. COMP. LAWS § 750.110a(2); two counts of breaking and entering a building with intent to commit a felony or larceny, MICH. COMP. LAWS § 750.110; breaking and entering a vehicle with intent to steal property less than $200.00, MICH. COMP. LAWS § 750.356a(2)(a); one count of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413; one count of attempted breaking and entering a vehicle with damage, MICH. COMP. LAWS § 750.356a(3); and two counts of assault and battery, MICH. COMP. LAWS § 750.81.  Plaintiff hired Defendant Parish to represent him.  Parish advised Plaintiff to waive his preliminary examination. On April 13, 2008, Plaintiff's behavior was so bizarre that Defendants Parish and Machnik stipulated to a forensic examination to determine criminal responsibility and competency to stand trial.  The forensic examiner concluded that Plaintiff did not meet the definition of insanity and was competent to stand trial.

Plaintiff alleges that Defendant Machnik did not provide all of the discovery requested by Defendant Parish, including certain pictures that Plaintiff did not see until the date of trial.  Defendant Parish allegedly failed to object to the admission of the exhibits, including evidence

of a crack pipe found on Plaintiff's person at the time of the arrest. Plaintiff complains that witnesses Stephen Pease and Daniel Paulos gave conflicting testimony at trial. He also complains that Parish did not obtain or introduce evidence of the 911 telephone recording, which Plaintiff broadly alleges would have permitted Plaintiff to challenge the evidence provided by witnesses Pease and McMichael. Plaintiff's mother apparently requested the telephone records from Cass County, to which Defendant Beneke responded in January 2012, indicating that the recordings between dispatch and Defendant McMichael had undoubtedly been destroyed.

Defendant McMichael testified that, during his arrest of Plaintiff, he confiscated a key from Plaintiff that opened Michael Anders' garage door. Witnesses Pease and Paulos identified Plaintiff as the person who entered Michael Anders' house.

Plaintiff attempted to fire Defendant Parish because he did not adequately respond to Plaintiff or his mother. Defendant Judge Dodge denied Plaintiff's motion to terminate Defendant Parish's representation, as well as Plaintiff's motion for a new trial on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Defendant Meinberg of the State Appellate Defender's Office was appointed to represent Plaintiff on appeal. Defendant Meinberg argued on appeal that Plaintiff was denied a fair trial by the prosecutor's admission of irrelevant and highly prejudicial evidence that the crack pipe was found on Plaintiff's person at the time of his arrest, where Plaintiff was not charged with possession of drug paraphernalia. Plaintiff complains that the issues raised by Meinberg were designed to prevent review of other claims: the prosecutor's noncompliance with discovery; the alleged perjury committed by McMichael; the conflicting accounts of the assault and battery; the denial of due process; and defense counsel's failure to object to the admission of evidence of the

crack pipe. (*See* Compl. ¶ 34) Plaintiff also alleges that Defendant Knutson misrecorded one of the questions posed by Defendant Machnik at trial.

Plaintiff next alleges that his motion to remand for prosecutorial misconduct was denied because he was impaired from adequately preparing it, given the six-hour weekly limit on library privileges set forth in MICH. DEP'T OF CORR., Policy Directive 05.03.115. The court of appeals affirmed his conviction, finding that the evidence of the crack pipe was relevant to the explanation for Plaintiff's behavior on the day of the incident. Plaintiff sought leave to appeal to the Michigan Supreme Court, which was denied. Thereafter, Plaintiff filed a motion for relief from judgment, raising ineffective assistance of trial and appellate counsel and prosecutorial misconduct. The motion was denied by Defendant Dodge. Plaintiff has sought leave to appeal to the Michigan Court of Appeals.

Plaintiff alleges that all Defendants conspired to deprive him of access to the courts. He claims that he is not seeking a speedier release, nor is he seeking monetary damages. Instead, he requests declaratory relief in the form of answer to a question: "Have these named Defendants performed actions, or chose not to act when action was required, to conspire together and prohibit the Plaintiff from having a state court address the facts alleged in Paragraph 34?" (Compl., docket #1, Page ID#8.)

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff expressly claims that he does not seek a speedier release from prison.

However, Plaintiff seeks a declaration that his rights were violated in the course of his criminal proceedings. If granted, such a declaration would undermine the validity of Plaintiff's incarceration by the State of Michigan. Plaintiff's action therefore presents a challenge to the fact of his confinement.

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Moreover, to the extent Plaintiff merely seeks declaratory relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*,

the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

      A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

      Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 28, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE